JUDGE GOFER
delivered the opinion op the court.
Frank Miles, at his death, resided upon a tract of land containing one hundred acres, of which he owned three fourths or five sixths, and his wife owned the residue. He died between June 1, 1866, and Dee. 1, 1873, leaving his wife surviving, but no children. He also owned, at his death, a tract of one hundred and thirty acres, adjoining the tract on which he lived.
*106 The eircixit court allotted the one hundred acres to the widow as a homestead, and adjudged that she held it in fee, and might dispose of it as she chose.
From that judgment the heirs at law of the husband have appealed, and seek a reversal of so much of it as determines that the widow is entitled to the homestead 'in fee.
The oixe hundred acre tract was valued at $1,000, aixd it was adjudged that the widow was entitled to one sixth of that tract in her own right, as one of the heirs of her father, to which her husband never had title. She claims that she owned one foui'th, instead of one sixth, and that the homestead should have extended over on to the one hundred and thirty acre tract, so as to give her a homestead worth $1,000 out of land owned by her husband, and prosecutes a cross-appeal.
1. It is claimed that this court virtually decided, in Gasaway v. Woods, &c. (9 Bush, 72), that the widow of an intestate, when there are no children, is entitled to the homestead in fee. That was a proceeding by the heirs at law of the husband to have dower assigned to the widow, and partition of the residue and delivery of possession thereof to them. The entire tract was not worth exceeding $1,000, aixd we held that the widow was entitled to the whole as a homestead. But whether she was entitled to it in fee, or for life, or only during her occupation of it, was not decided. That question does not seem to have been made, and does not appear to have been necessary to a decision of the case as presented.
The intestate having died while the act of Feb. 10, 1866, was in force, the decision of this case must be controlled by its provisions.
The 5th section- of that act, as construed in Gasaway v. Woods, provided that the exemption therein declared should continue after the death of the husband' for the benefit of his widow and children, and where there were no children, for the benefit of the widow.
*107 Counsel argues that as the act provided that the exemption should continue for the benefit of the widow and children, or, as construed, for the benefit of the widow where there were no children, and did not provide how long it should continue, it was intended to vest in those entitled to a homestead an absolute title; and he bases his argument upon the assumption that the personal property exempted from distribution for the benefit of the widow and children vests in them absolutely, and that as the homestead act provides for the exemption of a homestead, “ in addition ” to the property already exempted, it was intended that the absolute title to the homestead should also pass to those entitled under the act.
The personal property exempt from distribution for the benefit of the widow and children of an intestate will ordinarily be consumed by them; and it may be that if it was not, but remained on hand at the death of the last survivor of them, it would belong to his or her personal representative, and not to the personal representative of the first intestate. But, however that may be, it will furnish but slight ground for supposing that the legislature meant to vest in the beneficiaries an absolute title to the homestead. Such a construction of the act would lead to results never intended by the law-making power.
The humane and politic purpose of the legislature was to secure homes for families, and this can as well be accomplished by holding that the homestead exemption continues only so long as it is necessary to accomplish the purpose intended. And such has since been declared to be the legislative intention.
Section 14 of article 13 of chapter 38 of the General Statutes provides that the “ homestead shall be for the benefit of the widow so long as she occupies the same, and the unmarried infant children of the husband shall be entitled to a joint occupancy with her.”
But as the act of 1866 provides that the exemption shall *108 continue for the benefit of the widow, and shall be estimated in the allotment of dower, we incline to the opinion that in cases governed by that act the exemption should continue, like dower, for the life of the widow where there are no children. 'Whether, if there were children, the exemption would continue after the death of the widow beyond their majority we do not intimate.
Two consequences which would necessarily follow the construction contended for by appellants will show conclusively, as we think, that such was not the intention of the framers of the act:
(1) If Mrs. Miles took the homestead in fee, it will, at her death, descend to her heirs, to the exclusion of the heirs and creditors of her husband.
(2) The act does not, in words, confine the benefits of the homestead to infant children or to children residing with the widow; and if there had been adult children, they would have been entitled, under the literal interpretation contended for, at least after the death of the widow and majority of all the children, to share in the homestead.
It certainly can not have been intended either that the homestead should go to strangers to the blood of the husband, by descent or devise from the widow, or that adult children should receive estate from the father, to the exclusion of his creditors.
We are therefore of the opinion that the court erred in adjudging that Mrs. Miles (now Mrs. Hall) took the homestead in fee; and as that part of the judgment casts a cloud upon the title of those entitled in remainder, they are entitled to have so much of it reversed.
2. As one of the heirs of her father, Mrs. Miles owned one sixth of one hundred and sixty-five acres of land, of which the one hundred acres we have been speaking of composed a part.
*109 The interests of two of the heirs have been allotted and conveyed to them, and three others conveyed their interests to Frank Miles; and these, with the interest of Mrs. Miles, make up the one hundred acres, and of that she is entitled to one fourth, instead of one sixth, as adjudged by the court below.
3. Mrs. Miles is entitled to land worth $1,000 as a homestead ; but her own interest in the one hundred acres allotted her must be estimated as a part of the exemption. If she had owned the whole one hundred acres, she and her husband residing upon it as they did, he would only have been entitled to that tract as a homestead, for the act provided that the exemption should include the dwelling-house and appurtenances; and land on which there was no dwelling-house was not exempt; and as this would have been the only exemption that could have been claimed in his lifetime, it is all to which she is entitled. In other words, it is the homestead which was exempt in the lifetime of the husband which continues after his death for the benefit of the widow.
The judgment is reversed on both the original and cross-appeal, and the cause is remanded for a judgment in conformity with this opinion.