JUDGE COEER
delivered the opinion of the court.
The debtor Franks owns a life-estate in fifty acres of land, on which is situated his dwelling, occupied by himself and family, and he owns, in fee, an adjoining tract containing thirty-three acres. The aggregate value of a fee-simple in both does not exeed $1,000.
He and his wife united in mortgaging his interest in the fifty acres to Green to secure a debt of less than $300. The appellee sought to subject the thirty-three acre tract to the payment of a debt due to him by Franks, and the circuit court having adjudged against Franks, he has appealed.
Counsel for the appellee cite Jarboe v. Colvin, 4 Bush, 70, Miles v. Hall, 12 Bush, 105, in support of the judgment.
In the former case it appears that Jarboe owned three contiguous tracts of land. His dwelling-house was situated on the middle tract, and he mortgaged that tract so as to waive the homestead exemption, and then claimed a homestead in one of the other tracts, and this court adjudged against him.
That decision does not, however, as counsel seem to suppose, rest on the ground that Jarboe’s land consisted of three tracts derived from different vendors. The ground of the decision is this:
By the terms of the statute “so much land, including the dwelling-house and appurtenances, ... as shall not exceed in value $1,000,” is exempted. The statute does not allow a homestead out of the tract or body of land owned by the debtor, and leave to the debtor or the court or officer to assign it out of any part of the tract or of several adjacent tracts, but provides that it shall be out of that part on which the dwelling-house and appurtenances are situated. The statute having declared that the exemption shall be of $1,000 worth *397 of land, including the dwelling, when the debtor makes a mortgage of that part of his land on which the dwelling and appurtenances are situated, and the land embraced in the mortgage is worth $1,000 or more, whether his land consists of one tract or of several contiguous tracts, the exemption is gone, because it has been waived as to the only land to which the statute applies. (Hansford v. Holdam, ante p. 210.)
The land mortgaged by Jarboe sold for $1,781.84, just enough to satisfy the mortgage-debt,, thus showing that the mortgage embraced the entire homestead.
But in this case the two tracts being contiguous, constituting one farm, and being worth in the aggregate not exceeding $1,000, the mortgage to Green only embraced a part of the homestead. Before the mortgage was executed it is clear that the appellee could not have subjected any part of either tract to sale to satisfy his debt, and it is not perceived how any part of either can have become subject on account of its execution. It was not made for his benefit, and as long as Franks continues to reside on the fifty acres and to be a housekeeper with a family both tracts are exempt from coercive sale by any creditor, except Green, and he can only subject the tract embraced in his mortgage.
In Miles v. Hall we decided that the homestead could not be extended over on to a tract adjoining that on which the dwelling was situated, not, however, because it was a different tract, but because the tract including the dwelling was of the value of $1,000.
So much of the judgment as directs the sale of the land not embraced by Green’s mortgage, to satisfy appellee’s debt, is reversed, and the cause is remanded with directions to dismiss so much of the petition as seeks to subject it.