LUCY JONES, ET AL., *v.* R. H. WILLIAMS, ET AL.

**Homestead—Wife's Interest.**

> During the life of the husband the wife has no interest in his real estate and the homestead act was not intended to give her any. All she has is the power to prevent a mortgage release or waiver by the husband of the exemption given him. She cannot compel her husband to assert his right to the exemption, nor can she assert it for him or for herself during his life.

**Abandonment of Homestead.**

Occupancy is necessary to entitle the debtor to a homestead exemp-
tion and the act of the husband in removing from the premises and
establishing his home elsewhere is an abandonment of the home-
stead exemption.

APPEAL FROM McCRACKEN COURT OF COMMON PLEAS.

December 14, 1878.

Opinion by Judge Cofer:

Neither the wife nor children of the owner of a homestead have
any independent interest in the exemption during his life. The stat-
ute gives the exemption to the husband as long as he is alive, and it
is only after his death that the wife and children are declared to be
entitled to it. During the life of the husband the only effect of the
statute is to disable him to waive the exemption without his wife will
unite with him in doing so. The wife has a sort of veto power over
the right of the husband to waive the exemption. But her power
goes no further.

The right to the exemption depends upon occupancy, but the hus-
band still continues to be the head of the family and may abandon
his homestead whenever he chooses to do so, or he may make an ab-
solute sale of it at his own uncontrolled discretion. *Brame & Wife
v. Craig,* 12 Bush 404. It is only when the husband sees proper to
assert his right to the exemption that it is important to inquire
whether the wife has united in waiving it. If she has not, then he
is entitled to the exemption, not because there is any right in his
wife and children, but because the statute declares that he cannot
mortgage his homestead, except by writing subscribed by himself
and his wife, and acknowledged and recorded. The act of the wife
in subscribing and acknowledging the mortgage, release or waiver
of the exemption does not pass anything vested in her by the statute,
but merely makes efficacious the act of the husband to divest himself
of the exemption given to him. If the wife does not unite, the ex-
emption continues, because the condition, and the only condition,
upon which the right of the husband to claim it can be divested, has
not been performed.

During the life of the husband the wife has no interest in his real
estate, and the homestead act was not intended to give her any. All
she has is the power to prevent a mortgage release or waiver by the
husband of the exemption given him. No power is given to her to

compel her husband to assert his right to the exemption, or to her to assert it for him or for herself during his life. At least she has no such right when he has voluntarily removed himself and family from the homestead, and thereby abandoned it.

To hold that the homestead act has the effect to give the wife a present interest in the real estate of the husband might lead to very novel and absurd consequences, totally at war with all our views of the marital relation, and utterly subversive to the harmony of families and the best interests of society.

The statute expressly declares that the exemption shall be of "so much land, including the dwelling house or appurtenances owned by the debtor, as shall not exceed in value one thousand dollars," and that "Before a sale, under execution order of attachment or judgment of a court, of land occupied as a homestead," a homestead shall be allotted.

It has accordingly never been doubted that occupancy is necessary to entitle the debtor to the exemption, and this court has repeatedly so held. *Brown, Bro. & Co. v. Morton & Co.,* 4 Bush 47; *Jarboe v. Colvin,* 4 Bush 70; *Carter, Fisher & Co. v. Goodman,* 11 Bush 228; *Miles v. Hall,* 12 Bush 105.

If, then, the wife has a present interest in the exempted homestead, she must either be subject, contrary to every principle of natural justice, to be deprived of that right by the act of the husband in abandoning the homestead and ceasing to occupy it, or she must have a legal remedy to prevent him from doing so.

In this case the wife says she did not intend to abandon the homestead; that she went to Paducah for a temporary purpose. But the husband does not say so, and his acts and the length of his residence in the city show that he did abandon the homestead, whether he meant to do so or not. He might have acquired a homestead in Paducah, and might desire to claim it against his creditors, while his wife might prefer to claim the homestead at the county seat. How would such a disagreement in domestic tastes and wishes, and such conflicting right and interests of husband and wife be adjusted by the courts? A construction of the statute which renders such absurd consequences possible, cannot be the true construction.

The act of the husband in removing from the premises and remaining absent for more than two years, during which time he kept house and voted several times, when he had no right to vote except on the assumption that he was a bona fide resident there, was an

abandonment of the homestead exemption. And if it were not, he has not claimed the exemption, and his wife has no right to do so for him or for herself after their removal from the premises.

Judgment *affirmed.*

*W. D. Greer & P. D. Geiser, for appellants.*

*L. D. Husbands, W. M. Smith, W. W. Tice, for appellees.*