CHIEF JUSTICE PRYOR
delivered the opinion of the court.
Thompson filed his petition in equity in the Fayette Circuit Court against the widow and heirs of John McTaggert to foreclose a mortgage executed by the latter in his lifetime on a house and lot in the city of Lexington, to secure the payment of a note for several hundred dollars. The mortgage was foreclosed, and the entire property sold for a much larger sum than was necessary to pay the mortgage-debt. Whether the property could have been divided does not appear, nor is it material to the question involved in this case. McTaggert at the time he executed the mortgage was a bona fide housekeeper, with a family, and living on the premises mortgaged, and after his death his widow continued to reside in the same dwelling until ousted by the writ of possession in the action instituted by Thompson. She had become liable as the surety of certain parties on a bail-bond, and by reason of an execution with a return of no property found, evidencing her insolvency, the commonwealth is seeking to subject her interest in the proceeds of the mortgaged property to the payment of this debt.
In the mortgage, to secure Thompson’s debt, the right to a homestead and dower had been relinquished, and therefore no resistance could have been made by the widow to prevent the delivery of possession to the purchaser, who was invested with a perfect title as against the widow and heirs.
In resisting the claim of her creditor, who was seeking, in the action by Thompson, to invest the. proceeds of sale, after the payment of the mortgage-debt, the widow claimed her *416 right to a homestead, or that the chancellor should invest the proceeds, to the extent of $1,000, for her benefit.
This relief was denied her, and she has appealed. The mortgage was executed for no other purpose than to secure the debt to Thompson, and the right of the widow to dower or to a homestead could not be questioned by any other creditor. She had relinquished all interest to secure this debt, and, when satisfied, she was as much entitled to a homestead as her husband would have been if living. When the right to a homestead is waived or relinquished by mortgage, it does not inure to the benefit of all the creditors of the debtor, but to such only as the mortgage was intended to secure; and if any of the mortgaged premises occupied by the debtor remains unsold, the chancellor will secure him a homestead, or if indivisible, and the whole property is sold, will apply the proceeds to the payment of the debt, and will deliver the balance, to the extent of $1,000, to the debtor, that he may purchase him another homestead. When the right to the homestead passes to the widow, it may be sold by the creditor, subject to the widow’s occupancy, and that of the children, if necessary to pay the debts of the husband.
In this case it is not the debt of the husband that is attempted to be made, but that of the widow, and, as far as her right to a homestead out of the proceeds of the sale of her husband’s real estate is concerned, it can not be reached by her own creditors. The chancellor should therefore invest the proceeds in a homestead for the widow; and if the husband’s creditors are seeking relief, it can be sold subject to the widow’s occupancy, and that of her infant children, if any.
By an express provision of the statute “ The homestead shall be for the use of the widow so long as she occupies the same, and the unmarried infant children of the husband shall be entitled to a joint occupancy with her until the youngest unmarried child arrives at age; . . . but said land may be *417 sold, subject to the right of the widow and children, if a sale is necessary to pay the debts of the husband.”
The wife occupying this property at the death of the husband, all his rights to a homestead passed to her, subject to his debts in the manner provided by the statute.
Judgment reversed, and cause remanded for further proceedings.