CASE 115—EQUITY—JANUARY 24, 1883.

# Robinson v. Smithey.

APPEAL FROM MERCER CIRCUIT COURT.

A party holding the title to a tract of land for life, with remainder to her children, and in the occupancy of the land, is entitled to a homestead therein as against her creditors.

JOHN T. SPILLMAN AND T. C. BELL FOR APPELLANT.

1. By the terms of the conveyance appellant holds an estate for life in the land, with remainder to her children.

2. Her right to a homestead as against her creditors can hardly be questioned. In many of the states of this union a homestead is given in an estate for years only. Having a freehold estate, her right is fixed by the statute. (Gen. Stat., chap. 38, art. 13, sec. 9; 13 Iowa, 53; 33 Miss., 462; 25 Ill., 610; 6 Allen, 428; Mich. Stat., chap. 132; N. H. Comp. Stat., chap. 196; Ohio Rev. Stat., 1145; Wis. Stat., chap. 134, ᐧsec. 23; 34 N. H., 392; Mass. Gen. Stat., chap. 104; 11 Mich., 358; 6 Texas, 310; 13 Wis., 478; 14 Iowa, 49; 6 Ver., 254, 257.)

Robinson v. Smithey.

THOMPSON & THOMPSON FOR APPELLEE.

The statute of 1866 applies only to husbands and wives and *owners*. At the time of the passage of the act Robinson, the husband, had been dead three years. Appellant is not entitled to a homestead as widow of John Robinson, but only to a life-estate under his will. A person must be the owner of land, not a holder of a life-estate, to entitle him or her to a homestead. If appellant ever had a claim to a homestead, she has waived it. It originated, if at all, in 1866, and was not asserted until 1878, and she is barred by limitation.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

We find nothing in the cross-petition of Smithey, who claims to have purchased under the various executions against W. C. Robinson and his mother, Mary Robinson, in which he seeks to oust the widow of the possession. In fact, this pleading does not state facts authorizing such a recovery, and it is difficult to tell what relief the appellant is claiming. If he has purchased and obtained his deed, or shows that in equity he is invested with such a title as entitled him to the possession, and asks such relief, then the chancellor may give it to him, but not before. That Mrs. Robinson is entitled to a homestead we think is clear. Her husband devised the entire tract of land to her for life, remainder to his children, and she was in the actual possession and occupancy with her family. This is not a proceeding to subject the estate to the payment of her husband's debts, but the creditor is proceeding to coerce payment of her individual indebtedness. She is the owner and in the possession of this tract of land, with a life-estate vested in her by the provisions of the will. She can use, sell, or dispose of this interest as she pleases, and we see no reason why her right to a homestead is not embraced by the statute. She occupies it as a homestead, and owns it for life. She is asserting the right because she is the owner, and not by reason of having derived it from the

husband.   It is immaterial in what manner.she derives title, if she is the owner, and occupies the estate as a homestead with. her family.   The chancellor cannot subject it, without her consent, to the payment of her individual indebtedness. It is not necessary to determine whether a homestead can be held in an· estate for years against the claims of creditors, but in a freehold estate the right certainly exists, if the debtor is occupying it as a *bona fide* housekeeper with a family.   In some of the states the exemption is held to apply to an estate for years.   (See Paton v. Deberard, 13 Iowa; Johnson v. Richardson, 33 Mississippi.)   In Illinois the owner of a life-estate is held entitled.   (Dunn v. Chapman, 25 Illinois.)

The judgment, therefore, on the original appeal must be reversed, and the cause remanded, with directions to permit the appellee Smithey to amend his pleadings, and to bring all the parties in interest before the court; and as the pleadings must be·amended, the appellant should be allowed to show, if she can, her offer to redeem, and for this purpose should be allowed to file additional pleadings.

The judgment is affirmed on the cross-appeal, by which the appellant's right to a homestead is controverted.