R. B. ENGLISH *v.* B. STUDICKER & CO. ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—721.]

**Rights of a Tenant by the Curtesy.**

A husband living with his children, after the death of his wife who was the owner of the homestead, becomes a tenant by the courtesy which entitles him to a homestead in it against any creditor. Being a life tenant living upon the land with his children, he is entitled to a homestead exemption.

APPEAL FROM HARDIN CIRCUIT COURT.

February 22, 1883.

OPINION BY JUDGE PRYOR:

The debts due by English and upon which judgments had been obtained originated in the years 1875 and 1878. His wife, who owned the fee in the land, had been dead for several years, and he surviving the wife was tenant by the curtesy. He lived on the land sought to be subjected with his children, and we perceive no reason why the homestead should not be assigned him. In the case of *Little's Gdn. v. Woodward,* 14 Bush (Ky.) 585, the husband was asserting no claim to the homestead but was, as in this case, a tenant by curtesy. The children there were seeking a division of the land descending to them from their mother, and it was held that no homestead passed by reason of Acts (1866), Ch. 494, from the wife to

the husband, and a distinction was drawn between the provisions of the general statutes enlarging the homestead right [Gen. Stat. (1873), Ch. 38, Art. 13], and the enactment on the same subject found in Myer's Supplement.

The husband in the case cited was not disturbed in the life estate or his right to enjoy it questioned. Here, after acquiring a life estate in the land by reason of his marital rights, the law gives him a homestead as against his creditors, not that the homestead descended or passed to him from his wife, but that on the death of his wife he became vested with such an estate in the land as entitled him to a homestead in it against any creditor. The only question in this case is, has the owner of a life estate in land, living upon it with his children, a homestead as against his creditors? This court has recently decided that question and there is no doubt if such a decision had not been rendered that the owner of a life estate is entitled to the exemption. This judgment is therefore erroneous and must be *reversed,* with directions to have a homestead assigned the appellant in the land in controversy and the purchaser will take possession of the balance. *Robinson v. Smithey,* 80 Ky. 636, 4 Ky. L. 541.

*Wilson & Hobson, for appellant.*
*Montgomery & Poston, for appellees.*