## JAMES M. NICHOLS v. A. J. SENNET.

[Abstract Kentucky Law Reporter, Vol. 4—889, as Nickols v. Sennett.]

**Homestead Exempt From Execution.**

The Gen. Stat. 1881, ch. 38, § 9, which exempts "so much land, including the dwelling-house and appurtenances owned by the debtor, as shall not exceed in value $1,000," does not require that the land shall all be in the same parcel or body, nor that the dwelling-house shall be located on the land to be exempted; and two separate tracts of land may be held as exempt if together they do not exceed in value $1,000.

### APPEAL FROM GREENUP CIRCUIT COURT.

April 14, 1883.

OPINION BY JUDGE HARGIS:

The appellant is a bona fide housekeeper with a family, residing in a house situated on a parcel of nine or ten acres of land, and is the owner of fifteen or twenty acres adjacent thereto, but thirty-two poles and nine feet from it. He occupies and uses both parcels as his homestead. The court below held that the fifteen or twenty-acre parcel was subject to sale under execution because of its isolation from the other parcel. From that judgment this appeal is prosecuted.

The statute exempts "so much land, including the dwelling-house and appurtenances owned by the debtor, as shall not exceed in value $1,000." Gen. Stat. 1881, ch. 38, § 9. This language does not require that the land shall all be in the same parcel or body, nor does it declare that the dwelling-house shall be located on the land to be exempted; but it provides that the dwelling and appurtenances shall be owned by the debtor and included in the exemption.

We know of no reason which would authorize such a construction of the statute as would deprive a bona-fide housekeeper of his homestead in any land adjoining or adjacent to the parcel on which the dwelling may be situated, provided all the land, including the dwelling-house and appurtenances do not exceed $1,000 in value, and the land is capable of continuous and necessary use as part of the homestead by the reasonable exertions of the homestead claimant.

Such seems to be the tendency of the cases of *Franks v. Lucas,*

14 Bush (Ky.) 395, and *Miles v. Hall,* 12 Bush (Ky.) 105, in which separate but adjacent parcels of land were held to be exempt.

In the case before us both parcels are necessary to the appellant's use as a homestead; they are separated by a small strip of land owned by his mother. He can continuously and conveniently use each parcel for the support of his family without being compelled to rent out the fifteen or twenty acres, and as they are not worth exceeding $400 we are of the opinion that both parcels legally enter into the composition of his homestead.

Wherefore the judgment is *reversed* and cause remanded with directions to render judgment in conformity to the principles of this opinion.

*Thos. H. Paynter, for appellant.*

*E. F. Dulin, for appellees.*