CASE 102—PETITION EQUITY—MAY 31.

# Donahue, Etc. v. Mutual Life Insurance Co. of Kentucky.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

1. HOMESTEAD.—A homestead right may be assigned to one in land in which he only has a life estate.

2. HOMESTEAD—HOW WAIVED.—The only way a homestead exemption can be waived or released is in the manner prescribed by the statute; and if a husband desires to mortgage his homestead, he can only do so by the consent of his wife.

MAT. O'DOHERTY FOR APPELLANTS.

1. Homestead exemption can only be waived in the manner pointed out by the statute; and a married man can not mortgage his homestead right without his wife's joining with him, even though that homestead right be in land in which he only owns a life estate. Ryan v. Flynn, 14 Ky. Law Rep., 986; Wing v. Hayden, 10 Bush, 276; Hayden v Robinson, 83 Ky., 615; McGraff v. Berry, 13 Bush, 391; Crout v. Souter, 13 Bush, 442.

STROTHER & GORDON FOR APPELLEE.

1. The "owner of a homestead" mentioned in the statute means the person who owns the land which is occupied as a homestead, and valued at not exceeding one thousand dollars, and which he can not mortgage without his wife's joining with him; but where he merely occupies the property and does not own it, he can surrender his homestead right therein by uniting with the fee simple title holders in a conveyance. Robinson v. Smithey, 80 Ky., 636; Braime v. Craig, 12 Bush, 404.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

Bridget was the wife of Michael Donahue. She owned a lot in the city of Louisville, upon which he built a house. She died in 1874, leaving her husband, Michael, and some

children surviving her.  He married his present wife, Mary, in 1877, since which time they have been *bona fide* house keepers, occupying the property left by the first wife.  The husband, Michael, took a life estate in the property as tenant by the curtesy and the children of the first wife took the remainder.   Whilst he and his wife, Mary, were occupying this property as a home, to secure the payment of a certain debt, he and the children by his first wife executed a mortgage upon it, but his wife was not a party to it.

The question involved in this case is whether Michael Donahue had a homestead in the property; and further, was it necessary, in order to release or waive it, that his wife should have joined in the mortgage?

The court in Franks v. Lucas, 14 Bush, 395, recognized that a homestead could be assigned in land in which a debtor held a life estate.

The court held in Robinson v. Smithey, 80 Ky., 636, that a party holding the title to a tract of land for life with a remainder to the children and in the occupancy of the land, is entitled to a homestead therein against creditors.

In that case the husband had devised land to his wife for life with a remainder to her children, she became involved and her creditors sought to subject her life estate in the land to the payment of her debts, and the court decided that she was entitled to a homestead as against her creditors.  In this case the husband has a life estate in the land with a remainder in his children.  His creditor is seeking to subject his homestead interest to the payment of his debt and assert a lien thereon by reason of

the mortgage which he and his children executed. If the fee simple title had been in him it would require no argument to show, in view of the many adjudications of this court, that his homestead exemption could only be waived by a writing subscribed by him and his wife, and acknowledged and recorded in the same manner as conveyances of real estate, and a mortgagee, in virtue of a mortgage which he executed without the wife joining in it, would not have had a lien upon his homestead. By the doctrine enunciated in Robinson v. Smithey he is entitled to a homestead in the property, and such a homestead as the statute secures to him. This being true, the only way that his homestead exemption can be waived or released is in the manner prescribed by the statute. The wife can have no interest in this property after the death of her husband, but she has the same interest in having her husband hold his homestead in this property during his life as she would have had in a homestead for the same period if the fee simple title to it had been in the husband, but in the latter case she could enjoy it after his death. The purpose of the law in allowing a husband to hold a homestead free from the demands of the creditor is to enable him to better support his family. If he desires to mortgage his homestead he can only do so by the consent of his wife, whether she be a first or a second one, given in a particular way. Whether the homestead exemption be in a life or fee simple estate, or whether it be in a life estate derived from a former wife or from a devise by a stranger, the method to be pursued to create a lien upon it by mortgage is exactly the same. It is not stating the

case fairly to say that it is an effort to get the second wife a homestead in the property left by the first wife. On the contrary the contention is that the husband has not lost his homestead exemption because his right to it has not been waived in the manner prescribed by the statute.

The judgment is reversed for proceedings consistent with this opinion.