CASE 83—ACTION BY W. E. GRUBBS AGAINST S. P. MCDOWELL,
SHERIFF, FOR AN INJUNCTION TO PREVENT THE SALE OF HIS HOME-
STEAD UNDER AN EXECUTION LEVY.—Nov. 18.

# McDowell, Sheriff, v. Grubbs.

### APPEAL FROM BOYLE CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. REVERSED.

EXEMPTIONS—HOMESTEAD—LIFE ESTATE—VALUE—How DETERMINED,

Kentucky Statutes, 1899, section 1702, provides that there
shall be exempt from sale under execution land not to exceed
in value $1,000; and section 1703 declares that, before a sale un-
der execution of land occupied as a homestead, the officer shall
cause such part thereof as shall not exceed in value $1,000 to be
set apart to the debtor. Held, that where a debtor was seised
of a life estate only in land, which he occupied as a homestead
he was entitled to a homestead exemption in such part of the

McDowell, Sheriff, v. Grubbs.

land as was worth $1,000, and not such part with regard to which the value of a life estate therein would equal $1,000.

EMMET V. PURYEAR, W. REED EMBRY and JNO. C. VORIS, ATTORNEYS FOR APPELLANT.

The sole question arising on this appeal is: In allotting homestead in land to an execution debtor, who owns only a life estate therein, shall the fee simple value of the land be estimated, and he have set apart to him as his homestead $1,000 worth of the land, including the dwelling house and appurtenances, or shall the value of the life estate only be estimated, and he be allotted as his homestead, not $1,000 worth of land, but such a quantity in which his life estate or life interest therein is worth $1,000?

In other words what shall be the basis of the valuation in setting apart his homestead?

The court below says, the life estate.

We claim that this is error, and that where the debtor owns only a life estate in land, the fee simple value of the land should be estimated in setting apart his homestead therein.

1. Because, in the statutes exempting homesteads from sale for debt, no reference is made to the estate or interest of the debtor in the property, but the amount of the exemption is simply limited to $1,000 worth of land.

2. Because when the value of land is spoken of, without any reference to the interest, title, or tenure of the owner, or without any words limiting, restricting, or qualifying the meaning of the term, the value in fee simple is always meant.

3. It was intended by the Legislature in the enactment of our homestead laws, that they should operate uniformly and equally upon all persons coming within the operation of the statute; that homestead debtors should have equal rights and benefits thereunder; that there should be a uniform rule for determining the amount of the exempted property, and that no one class of debtors should have an advantage over any other class; and this result can only be reached by making the *value of the fee* the *basis*, in all cases regardless of the interest owned by the debtor in the land.

4. Because, these laws were intended to provide for the debtor *a home* where he may shelter and support his family and not something that he might sell and barter away and realize $1,000 therefor.

5. Because, if valuable properties can be held as homesteads under the pretense that the claimants had less than titles in fee simple therein, schemes could easily be contrived with relatives and friends, by which the machinery of the homestead law, de-

signed for beneficent purposes, could be used as means of dishonesty and fraud.

### AUTHORITIES CITED.

Ky. Statutes, sec. 1702, 1703; Robinson v. Smithey, 80 Ky., 636; Waples on Homestead and Exemption, pages 42, 116, 117 and 166; Brown v. Starr, 79 Cal., 608; (21 Pac, 973); Spencer v. Gueesman, 37 Cal., 99; Brooks v. Hyde, 37 Cal., 366; Yates v. McKibben; Sheriff, etc., 66 Iowa, 357; (23 N. W., 752); Arnold v. Jones, 9 Lea, (Tenn.) 545; Franks v. Lucas, 14 Bush, 395; Crigler, etc., v. Connor, etc., 11 S. W., 202 (10 R. 958); Suter, etc., v. Quarles, etc., 22 R., 1080.

CHAS. H. RODES, C. C. BAGBY AND R. G. McKEE, ATTORNEYS FOR APPELLEE.

Appellant, as sheriff, levied an execution for $300 on a portion of appellee's life estate in thirty acres of land in Boyle county, on which there is a dwelling house, although it is agreed and conceded that appellee's entire life estate in said thirty acres is worth less than $1,000.

It is conceded that appellee is entitled to a homestead in the thirty acres, but this controversy arises over the extent of it. Appellee in his petition for an injunction, alleged that he was a housekeeper with a family and that his life estate in said thirty acres is worth less than $1,000, and this averment is not denied.

1. We contend that the statute estimates and measures the homestead right by *value* and nothing else.

2. This right did not exist at common law, but was created by statute, and the extent of the right must in this State be determined by the statute of this State and not by the statute of some other State.

3. The language making the exemption is: "So much land *owned* by the debtor," not so much land owned by the debtor's wife, or the debtor's children; but so much owned by the debtor alone; the only limitation being one of *value* and *value alone.*

4. If the theory of appellant be adopted, then property would be considered, in estimating the homestead exemption, which the appellee did not own, and this the Legislature coud not do and did not intend to do.

5. The interest of the remainderman in the thirty acres can not be made to contribute to make up the homestead which the statute exempts to him out of his property.

6. If appellant's theory be adopted the value of the life estate would be largely diminished, and the debtor's power to sell his homestead and acquire a new one would be greatly impaired and thus one of the beneficent ends of the benvolent statute would be defeated.

7. We submit that no decision of any court in any other State can be even persuasive authority on this question, unless the statute of such State on which the decision is based, is similar in phraseology to the Kentucky statute.

### AUTHORITIES CITED.

Cin. Tobacco W. Co. v. Mathews, &c., 24 Ky. Law Rep., 2445; Johnson v. Kessler, 87 Ky., 458; Century Dictionary, vol. 3, 2010; Robinson v. Smithey, 80 Ky., 637; Huntington v. Barnes, 22 Ky. Law Rep., 497; McTaggart v. Smith, 14 Bush. 415; Mundt v. Hagedon, 68 N. W. Rep., 610; Mason v. Columbia Finance & Trust Co., 99 Ky., 118; Vanmeter v. Vanmeter, 12 Ky. Law Rep., 214; Squire v. Mudgett, 63 New Hampshire, 71; Donahue v. Mutual Life Insurance Co., 21 Ky. Law Rep., 357; Crigler v. Connor, 10 Ky. Law Rep. 958; Suter v. Quarles, 22 Ky. Law Rep. 1080. Waples on Homestead and Exemption, pages 116, 117 and 211. Iowa Homestead Exemption Act, Waples on Homestead and Exemption, page——

Tennessee Homestead Exemption Act, Waples on Homestead and Exemption, page——

Kentucky Homestead Exemption Act, Waples on Homestead and Exemption, page——

OPINION OF THE COURT BY JUDGE NUNN—REVERSING.

The appellant as sheriff of Boyle county, having had placed in his hands an execution against the estate of the appellee, Grubbs, issued from the Boyle circuit court upon a judgment rendered in favor of Nanny Pence against appellee, the sheriff levied this execution upon appellee's life estate in a tract of land lying in Boyle county, containing about thirty acres, subject to the homestead right of appellee in this property. Appellant caused to be appraised and set aside to appellee, Grubbs, a portion of this land, including the dwelling house and appurtenances, of the value of at least $1,000, as his homestead therein, and advertised for sale under this

execution the life estate of appellee in the residue of this
land. Appellee filed his petition in equity in the Boyle cir-
cuit court, alleging that he had and was entitled to a home-
stead in this tract of land, and that the interest owned there-
in by him was a life interest or life estate only; that the
value of his life interest in the whole of this land was worth
less than the sum of $1,000, and that he was entitled to hold
the whole of this tract of land as a homestead; and he ob-
tained an injunction against the appellant, enjoining and
restraining him from selling this property, or any part there-
of, and asked that the whole of it be adjudged to him as a
homestead. Appellant filed his answer, averring that he
levied this execution upon appellee's life estate in this land,
subject to his homestead exemption therein, and that, before
advertising his life estate for sale under the execution, he
selected two disinterested housekeepers of Boyle county, not
related to either party, who, being duly sworn, valued and
set apart to appellee, as his homestead in this land, a certain
part of same, including the dwelling house and appurtenances
—this valuation and allotment being made in writing—and
that the portion of this property so valued and set apart to
appellee as his homestead was worth more in fee simple than
the sum of $1,000, and that he was seeking to sell only the
life estate and life interest of appellee in the remainder of
this property, and denied that plaintiff was entitled to the
whole of the land as a homestead. Appellee filed a general
demurrer to this answer, which was sustained by the court,
and the court granted a permanent injunction against appel-
lant, perpetually enjoining him from selling this land, or any
part thereof, and the appellant has appealed from that judg-
ment.

The only question raised on this demurrer, as shown by
the judgment, was whether the homestead right of the ap-

pellee should be based upon the value of the fee, or upon
the value of the life estate. The court below took the view
that the homestead right of appellee should be based upon
the value of the life estate, and for that reason sustained the
demurrer. The sole question arising, then, on this appeal,
for the consideration of this court, is, did the court below
err in sustaining this demurrer, or, in other words, in allot-
ting homestead to a debtor who owns only a life estate there-
in, shall the fee-simple value of the land be estimated, and he
have set apart to him as a homestead $1,000 worth of the
land, including the dwelling house and appurtenances, or
shall the value of the life estate only be estimated, and he
be allotted, as his homestead, not $1,000 worth of land, but
such a quantity of land, his life estate in which is worth
$1,000? This question must be determined upon the con-
struction of the sections of our statute applicable thereto.
We quote so much of section 1702 of the Kentucky Statutes
of 1899 as relates to the question involved: " . . . There
shall . . . be exempt from sale under execution . . .
so much land including the dwelling house and appurte-
nances, owned by debtors . . . as shall not exceed in
value one thousand dollars. . . ." Section 1703 says:
"Before a sale under execution, attachment or judgment of
land occupied as a homestead, the officer in whose hands
the writ or judgment may be shall cause such part thereof
. . . as shall not exceed in value one thousand dollars to
be valued under oath and set apart to him," etc. In our
opinion, it was the intention and purpose of the Legislature,
in the enactment of these statutes, to exempt to the debtor
entitled to the exemption $1,000 worth of land in which
he had a sufficient estate or ownership to support a home-
stead. It is the settled law of this State that the owner of
a life estate in land may be entitled to a homestead therein;

that his title is sufficient to support a homestead. Robinson v. Smithey, 80 Ky., 636, 4 R., 541. It seems to us plain, from the foregoing sections of the statutes, that the amount of the exemption is to be limited to $1,000 worth of land, regardless of the title or tenure by which it is held. No reference is made to the estate or interest of the debtor in the property, but the amount of the exemption is simply limited to $1,000 worth of land. The statute says "so much land as shall not exceed in value one thousand dollars." Section 1703, in substance, says that the officer shall cause such part of the land as shall not exceed in value $1,000 to be set apart to the debtor. It makes no reference to the character of title held by the owner or occupier of the homestead. It surely was intended by the Legislature, in the enactment of our homestead laws, that they should operate uniformly and equally upon all persons coming within the operation of the statutes; that homestead debtors should have equal rights and benefits thereunder; that there should be a uniform rule for determining the amount of the exempted property; and that no one class of debtors should have an advantage over any other class or classes. This result can only be reached by making the value of the fee the basis in all cases, regardless of the interest owned by the debtor in the land. Such would certainly not result from the application of the rule contended for by appellee in this case. Should the view contended for by appellee be sustained, and the debtor owning only a life estate in land be allowed to hold, use, and occupy as a homestead, and enjoy the rents and profits from, the land in which the life interest is worth $1,000, then this class of debtors, by reason of their owning a lesser estate in the land, would have an advantage over, and receive greater benefits from the homestead right than debtors owning the fee-simple or absolute

title to their land. To illustrate, suppose a like execution debtor owned in fee thirty acres of land adjoining appellee. Under the construction of the statutes as contended for by appellee, the appellee would be given a home and the use of the whole thirty acres for the balance of his life, free from sale under execution, while his neighbor, owning the fee, would be compelled to take as his home, against the execution, his house and possibly ten acres of land—at any rate, less than the thirty acres. The purpose and object of these laws is the conservation of family homes; to secure to the housekeeper with a family the possession of his home where he may shelter, support, and rear his family without being in constant danger and fear of judicial writs and the auctioneer's hammer. They were intended to merely protect the possession and right of occupancy, and not to provide for the debtor something that he might sell or barter away, and realize $1,000 therefrom. The value of the possession and right of occupancy of $1,000 worth of land in which a person owns only a life estate is exactly the same as if he owned the fee. The following cases, in our opinion, support the views above expressed: Crigler v. Connor, 10 R., 957, 11 S. W., 202; Franks v. Lucas, 14 Bush, 395; and Suter, etc., v. Quarles, etc., 22 R., 1080, 58 S. W., 990.

Wherefore the judgment is reversed, and the cause remanded for further proceedings consistent herewith.

Judge O'Rear delivered a dissenting opinion:

I have always been of the opinion that the Legislature intended by the statute quoted to exempt to a debtor not exceeding $1,000 worth of his own land, which may be occupied by him and his family as a homestead. I do not see that it could matter to the creditor whether the debtor's exempted homestead consisted in the fee or the life estate.

The question is not how much enjoyment the debtor may get out of his property, but what value of property shall be exempted to him from liability for his debts. I therefore respectfully dissent from the majority opinion in this case.

Petition for rehearing by appellee overruled.