## Wilson v. Devasher.

(Decided September 23, 1924.)

### Appeal from Allen Circuit Court.

1. Dower—Homestead—Rule that where Homestead Enhances in Value, Original Valuation Must Control Does Not Apply in Case of Allotment of Dower.—When assigned, dower interest becomes life estate with all rights and liabilities incident to such estates, and is not within rule that, where homestead is allotted to surviving spouse, and afterwards enhances in value, original valuation must control in view of Ky. Stats., section 1681, making life estates subject to execution.

2. Homestead—Homestead may be Allotted in Dower Estate According to Value if Owned in Fee Simple and Value of Life Estate is Irrelevant.—Under Ky. Stats., section 1703, a homestead may be allotted in a dower estate, but not according to value of life estate therein, but according to value if owned in fee simple, and hence in equitable action, under Civil Code of Practice, section 439, evidence of value of the life estate is neither competent nor relevant.

THURMAN B. DIXON for appellant.

W. D. GILLIAM for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

Judgment was rendered against appellee for $2,000.-00. Execution issued and was returned "no property found." Later this equitable action was instituted against her under the provisions of section 439 of the Civil Code. It appears that many years ago she was assigned something near 400 acres of land as her dower interest in her husband's estate and still owns it. She is 69 years of age and evidence was taken to prove the value of her life estate therein. This was variously estimated at from $4,000.00 to $5,000.00.

The court delivered a written opinion and in accordance therewith dismissed the petition. The plaintiff appeals. The court's opinion was as follows:

"This case is submitted to me upon the demurrer to defendant's answer and upon motion to submit upon the face of the papers and upon the whole case. I have given the case some considerable study and careful attention and am of the opinion that since the widow was allotted dower some fifteen years ago in the Allen county court by duly appointed and quali-

fied commissioners and no exceptions have been taken to the report of said commissioners, and the widow having lived upon her said dower since her allotment of same, the plaintiff can not recover herein.

"It is my opinion that dower having once been allotted and no exceptions having been filed or any fraud shown on the part of the commissioners, although same having enhanced in value and, perhaps, may be worth more today than it was at the time of the allotment, that same can not now be attacked and 'the widow is entitled to enjoy said dower so long as she lives, and the court is further of the opinion that the demurrer to defendant's answer should be overruled. Exceptions to plaintiff.''

Evidently the court confused a dower estate with a homestead exemption on the theory that where a homestead is allotted to a surviving spouse and afterwards enhances in value, the original valuation must control. But that rule has no application to a dower or life estate. When assigned, a dower interest becomes a life estate and carries all the rights and is subject to all the liabilities incident to such estates. Frances v. Adams, 10 Ky. Opinions 414; 17 R. C. L., page 120, 9 R. C. L., page 954, section 36.

Our statute specifically provides that life estates in land shall be subject to execution, section 1681, Kentucky Statutes. Independent of statute the same result obtains. Coleman v. Simrall, 91 Ky. 188; 17 R. C. L., page 644; 9 R. C. L., page 594. If it were otherwise there would be no limitation upon the exemption of a debtor who held a life estate only in property. There would then be no necessity for spendthrift trusts as all life estates would be exempt and such tenants could revel in wealth and defy their creditors.

Nor do we think the evidence as to the value of a life estate in the lands in question competent or relevant.

Section 1703 of the Kentucky Statutes provides:

"Before a sale under execution, attachment or judgment of land occupied as a homestead, the officer in whose hands the writ or judgment may be shall cause such part thereof, which may be selected by the defendant, as shall not exceed in value one thousand ($1,000.00) dollars, to be valued under oath and set apart to him by two disinterested housekeepers of

the county, not related to either party, to be selected by the court or officer, and in case they disagree, the officer making the sale shall act as umpire."

Under this section a homestead may be allotted in a life estate. Robinson v. Smithey, 80 Ky. 636; Suter v. Quarles, 22 L. R. 1080. The homestead thus allotted is not estimated at the value of the life estate therein, but according to its value if owned in fee simple. McDowell v. Grubbs, 116 Ky. 751; Todd's Exor. v. 1st National Bank, 173 Ky. 60.

It follows that Mrs. Devasher should have been allotted as a homestead land of the value of $1,000.00, if owned in fee simple, and that the remainder of her dower estate was subject to execution. The proper procedure would have been for the sheriff to have taken this course under the original writ of *fieri facias,* but appellee raises no question as to that and as the judgment of the court is manifestly erroneous it is now reversed and cause remanded for a judgment consistent with this opinion.