# Vaughn's Trustee in Bankruptcy v. Vaughn et al.
### (Decided Jan. 17, 1936.)

THOMAS F. YOUNG for appellant.

R. C. BROWNING and R. S. ROSE for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

The appellant's petition was dismissed and he appeals.

### The Facts.

On Christmas Eve, 1900, W. E. Vaughn married his coappellee, Emma Vaughn. Neither then had anything nor has either since inherited anything, and what they have is the result of their mutual industry and thrift.

They saved enough to buy a small home, the title to which was put in both of them. Later this home was sold and the proceeds of the sale were placed in a bank to the credit of Emma Vaughn and to this they both added as they could.

In 1910 the property in controversy was bought and paid for by a check upon Emma Vaughn's account, but the title was placed in both of them. Improvements were made on this property and paid for by their mutual industry and earnings.

### The Deed That is Attacked.

On March 11, 1925, W. E. Vaughn conveyed to Emma Vaughn his half of this property, for a recited consideration of $1 and other valuable consideration. It is proven his wife then paid him nothing. No one

could have complained of the making of that deed if Mr. Vaughn then owed no money. The deed was not recorded, however, until November 4, 1929.

### In the Meantime.

On March 31, 1926, W. E. Vaughn became indebted to the First National Bank of Corbin, and yet owes it a balance of $500 thereon, and on January 7, 1927, he became indebted to it on another account, and yet owes it a balance of $25 thereon. He became indebted to the Whitley National Bank on January 13, 1927, and he now owes it a balance of $472.52. Some time in 1925 he and others became surety for the First Church of Christ in Corbin, and he is obligated thereon for $60,000.

### Bankruptcy.

On October 3, 1933, W. E. Vaughn was adjudged bankrupt, and on November 3, 1933, this suit was begun by his trustee in bankruptcy to subject this property to the payment of his debts.

W. E. Vaughn had a perfect right to give money or property to his wife if he then owed no money, and the only evidence we have in this record that he then owed anything is a balance of $40 due to the First National Bank of Corbin upon a debt created March 11, 1924. As to that debt, this deed was void. See section 1907, Ky. Stats. During the time the deed from W. E. Vaughn to his wife remained unrecorded he became indebted to the extent of $60,997.52, as set out above. As to those debts, the deed of W. E. Vaughn is made void by section 496, Ky. Stats.

### The Contention of Emma Vaughn.

Mrs. Vaughn cites section 2353, Ky. Stats., and, says that it was her money that paid for this property; that she has never consented for any part of the title to be taken to her husband; that he received this title as trustee for her; and that she then became and is now entitled to have him convey to her what has been hers all the time.

As between these two, that is true, but she must suffer for her delay and for the showing of solvency she has enabled her husband to make by allowing half of this title to remain in him since 1910. She is en

titled to have what is hers but subject to the rights of parties who extended credit to him during the time this property was allowed to appear of record to be his.

### Disposition of the Matter.

We understand from the judgment this property has been sold. If it has not, it should be and the proceeds should be thus divided: To Emma Vaughn there should be paid one half of the sale price, for she owned one half of the property. Out of the other half there should then be paid her $1,000 which W. E. Vaughn could have claimed as his homestead, for the creditors could never have seized this, and W. E. Vaughn could have given this to his wife if he had owed a million. The remainder should go into the hands of appellant for distribution among the claims above set out.

Judgment reversed for judgment as indicated.