## Lyon et al. v. Lemaster et al.

(Decided Oct. 8, 1937.)

WHEELER & WHEELER for appellants.

W. J. WARD for appellees.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

This is an appeal from a judgment of the Johnson circuit court sitting in equity. Appellee H. B. Lemaster is indebted to the appellants, who are trustees for the stockholders and depositors of the Paintsville National Bank, upon several judgments recovered against him on behalf of the bank. Appellants brought this suit for the

purpose of setting aside a deed made by appellee H. B. Lemaster to his wife, Virgie Florence Lemaster, in fraud of creditors. Various lienholders were made parties defendant and are joined as appellees on this appeal. The lienholders appeared and asserted their claims against the property and requested that, if the property be sold, such sale should be made subject to their claims.

The proof indicates, and the chancellor found, that the property in question was purchased with funds advanced by Virgie Lemaster to cover the down payment of $1,000, in 1918. The deed was made to H. B. Lemaster, and a vendor's lien for the balance of the purchase money was retained. Following the purchase of the property, a mortgage thereon was executed to appellee Jiles Wheeler and another mortgage to appellee G. M. Wheeler. It is asserted that the conveyance from H. B. Lemaster to Virgie Lemaster was made simply because it was she who advanced the initial payment of the purchase money, and that she has, in consideration of this conveyance, assumed the payment of the balance due on the vendor's lien and to the two mortgagees. The chancellor was of the opinion that the deed was fraudulent as to creditors who had advanced money to the husband on the faith of his apparent ownership of the land, and directed that the conveyance be set aside. No complaint is here made of that conclusion. In his judgment, however, he provided that, in the event of a sale of the property to satisfy the debt of the plaintiff, it should be sold subject to the liens adjudicated thereon, and likewise subject to a homestead in favor of Virgie Lemaster in the sum of $1,000.

It does not seem to have been questioned but that $400 of the mortgage in the sum of $724 given to G. M. Wheeler was included for the purpose of securing him against liability on a note held by the Paintsville National Bank and on which he was an accommodation indorser. No personal judgment against G. M. Wheeler was sought in this suit, but it is here asserted that the chancellor erred in adjudging to him a superior lien for the full amount of his mortgage, when in fact $400 of the mortgage was simply for the purpose of securing him against liability to the same plaintiffs. Had a personal judgment been asked against G. M. Wheeler in this case, and had the chancellor undertaken to adjust the accounts between Wheeler and appellants, it might be said

that there was no reason for giving this mortgage lien priority to the extent of $400 in this suit. As the matter stands, however, Wheeler is still subject to his liability as an indorser on the note in question, and no reason is advanced to indicate why he should be deprived of his security. Certainly there is not enough in this record to convince us that the chancellor erred in this particular.

The only other question presented is whether or not it was improper to adjudge a homestead exemption in the property to the appellee Virgie Lemaster.

The chancellor based his conclusion in regard to the right of Virgie Lemaster to a homestead exemption in the property on the decision of this court in the case of Vaughn's Trustee in Bankruptcy v. Vaughn et al., 262 Ky. 181, 89 S. W. (2d) 884. In that case it was urged that the wife had advanced funds to pay for the property in question, although title was taken in the name of the husband, and it was asserted that the husband might convey the property to his wife as against creditors since it was in fact her property at all times. This court denied this contention, but directed that, since a homestead might have been claimed by the husband, his conveyance of the property was to this extent valid and not in fraud of creditors, and the wife was therefore permitted to retain this amount from the proceeds of sale of the property. In the Vaughn Case there were no mortgages against the property, and appellants seek to distinguish that case from the case at bar on the theory that the vendor's lien and mortgages here involved included the homestead, and it was therefore improper for the chancellor to deduct the amount of the exemption from that portion of the proceeds of the property which might be reached by general creditors. It has been determined in at least two cases that, while the right to a homestead may have been waived by a mortgage, such waiver does not inure to the benefit of creditors other than the mortgagee. McTaggert v. Smith, 77 Ky. (14 Bush) 414; Franks v. Lucas, 77 Ky. (14 Bush) 395. Compare Marcum v. Edwards, 181 Ky. 683, 686, 205 S. W. 798. It follows that the feature relied upon by appellants as differentiating this case from the Vaughn Case will not bear examination.

Judgment affirmed.